UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SUPREME RAHEEM ACKBAR, ) | Civil Action No. 4:24-cv-3919-RMG-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| SOUTH CAROLINA DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## I.    INTRODUCTION

Plaintiff, who is proceeding pro se, originally filed this action in the Court of Common Pleas for Richland County, South Carolina. Defendant removed the action to this court pursuant to 28 U.S.C. § 1441, asserting jurisdiction under 28 U.S.C. § 1331. Plaintiff alleges claims for unlawful search and seizure and due process violations under the South Carolina Constitution and the United States Constitution. Presently before the Court is Defendant's Motion to Dismiss (ECF No. 7). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the motion being granted and his claims dismissed. Plaintiff has not filed a Response, and his time to do so has expired. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

## II.    RULE 41(B)

"The Federal Rules of Civil Procedure recognize that courts must have the authority to

control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989).  The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate:  (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal.  Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. He was warned on that a failure to respond to Defendant's motion could result in dismissal of his case.  Nevertheless, Plaintiff failed to respond to the motion. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed to prosecute this case.  Defendant cannot come to a resolution of this matter if Plaintiff fails to prosecute it.  Accordingly, the undersigned concludes that Plaintiff has abandoned his claims against Defendant. For that reason, dismissal of this case is appropriate under Rule 41(b).

-3-

## III.  CONCLUSION

For the reasons discussed above, it is recommended that this case be dismissed for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

        s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 27, 2024
Florence, South Carolina

**The parties are directed to the important information on the following page.**